All right, please be seated ladies and gentlemen First case set for argument this morning is appeal 211134 United States versus Ramone Shaffer's we'll hear first from Miss Benton Thank you your honors and may it please the court Alexandra Benton pro bono counsel on behalf of appellant. Mr. Ramone Shaffer's The district court below made four errors in this case any one of which warrants reversal But the clearest and most straightforward basis for reversal is the court's admission of uncrossed grand jury testimony and violation of the accused Mr. Shaffer's Sixth Amendment rights and if this court agrees it need not address any other errors The confrontation clause prohibited the admission of the witness to lie to Fulton's grand jury testimony for three reasons First as the government concedes. Mr. Shaffer's had no opportunity to cross cross-examine Miss Fulton when the grand jury testimony was made Second Fulton never neither defended nor explained her prior grand jury statement in fact, she could not even affirm the statement as her own and Miss Fulton refused to testify about her current belief as to the substance of the most critical events The Supreme Court in Crawford versus United States Reinstated the importance of the confrontation clause and made it a procedural rather than a substantive guarantee requiring that cross-examination Be the only way that the reliability of an out-of-court statement that's testimonial be tested in court And The modern practice with the closest kinship to the confrontation clause is grand jury testimony, which is inherently one-sided and by design Includes no exculpatory Information for that. Are you arguing that Crawford has implicitly overruled Owens? We do not believe that it's in overruled Owens However, and it changed the entire premise on which this analysis should be conducted It shifted the analysis away from a reliability analysis to one of a procedural guarantee, which requires cross-examination Well Yes, I understand the the state of the law Ms. Benton if a witness appears But simply refuses to testify based on privilege Then the prior ex parte testimony cannot be offered that's Douglas, right? That's correct. Yeah, but Crawford Owens and California gets green all seem to meet at least indicate that if the witness does appear and answers questions Then memory lapses cannot prevent use of that ex parte testimony, right? That's correct. Your honor the difference. Oh, well Let me maybe I'm you're going to answer my question, but my question in essence is How you think courts should evaluate How much In essence how much cross-examination is needed how effective it needs to be how much of a memory lapse? There needs to be to apply this rule and also how much how we should review district courts handling of such matters Yes, your honor So in Owens the main difference between that case and here is that the memory loss was partial here the memory lapse is complete Both as to any memory of making the prior statement as well as any memory as to the underlying events So I this as this court has held the given the defend and explain language in Crawford Physical presence just sitting on the stand is not enough for confrontation It requires more and what it requires is defending or explaining that prior statement Which means that they're answering questions about the substance of that statement How do you how do you deal with the fact that in footnote 9 of Crawford? the court favorably cites green and then in our 1997 decision in Keeter interpreting You know Owens We held that what we characterized is kind of feigned memory loss or a Lack of genuine memory loss didn't lead to a confrontation clause violation Sure. So if this court determined that Consistent with Takara, which is one of the cases that required Why dear where they determined whether the witness was actually feigning or had a genuine memory loss? That would still require reversal here because pre Owens Takara is pre Owens, right? So so go from Owens forward So in Owens that more part that memory loss was partial and post Owens This court has found that for one reason or another the witness was subject to cross-examination getting to your point in Keeter Specifically there the witness remembered making the statement sought to be introduced But claimed to lack memory as to the underlying events and there the court held because they acknowledged the statement as their own Consistent with Douglas that statement was admissible here. It's different. Miss Fulton does not claim remembering testifying before the grand jury She claims complete lapse of memory as to the entire Statement council did cross-examine miss Fulton pretty extensively about her criminal record her professed lack of memory Whether or not she was impaired at all at the time of the incident whether she feared Prosecution to show some type of motive for what she might be doing The fact that the government had paid for her travel to show potential bias There was pretty extensive cross-examination on bias Motivation, why wouldn't that be sufficient here under the confrontation clause? Your honor in Davis vs. Alaska the court reminded District courts that it's the answers and not the questions that are relevant So what we focus on here is not the questions that the defense attorney was able to ask the witness But she answered all of those questions in regarding those areas that I've just touched on. Yes, Your Honor The difference here is she didn't answer any questions about the substance of her grand jury statement So at no point did she answer questions about where anybody sat in the car on the night in question She didn't have any knowledge or answer any questions about the actual firearm that was recovered whether it was hers or not And she didn't answer any questions about whether she saw the police recover the firearm from the vehicle all Statements that are incriminating to the defendant that he was unable to cross-examine her about Additionally the night sure one more question, please. Yes, Your Honor How would your argument square with our opinion in us versus Cooper, which is post? Crawford post Owens Where a witness claimed that she remembered testifying before the grand jury, but similar to miss Fulton here She couldn't remember any of the incriminating statements or really anything She had said I think the key distinguishing factor between Cooper and this case is the witness They're actually admitted that she had made the prior statement. That is not the case here, but she admitted she had testified She didn't remember Admitting or she did not admit to the substance of anything. She couldn't remember what it was. She had said Respectfully on her and the witness was asked repeatedly Do you remember coming out here and testifying before the grand jury her response was consistently? No, I don't remember Miss Fulton, yes, but why? Why is that distinction enough with Cooper that Cooper remembered going in there? She just had amnesia as to anything that she had said so they weren't able to cross her on the substance of her grand jury Statement, which is what you're arguing is the the constitutional problem here. Yes, Your Honor I think the constitutional problem is twofold one the problem with the coat the court recognized and The court recognized in Douglas, which is it's just illogical to assume that a witness can be cross-examined on a wit on a statement they refuse to To adopt as their own and then the second part is even if they do adopt the statement as their own They still must defend or explain that prior statement So there's almost two prongs in which this case is different from prior decisions But I guess that's my point in Cooper. She couldn't defend that prior statement at all. She hit and we said that was fine But she admitted having made it and so at that point the court can say you said this below You said this before and now where you refuse to say the same that is much different from a witness who says I don't actually Ever remember making that statement and a witness Who says I remember making the statement, but I essentially refuse to answer the questions now that goes to her bias unlike here where the memory loss is Separate from any kind of bias that would have existed at the time. She made that grand jury testimony Where Where does the evidence that Mr. Schaefer's tried to offer money to witnesses including this Fulton to change their testimony come in in this case I think it's irrelevant because it was not part of the court's analysis and determining whether the statement was admissible Here the court simply admitted the statement based on her lapse of memory. Should it be relevant to our analysis? If the court would like for that to be relevant I think that that's where Giles comes in which allows admission of a statement to come in if the defendant or the accused procured that availability no such finding was Existed here And so that would require a remand to the district court for a finding that The lapse of memory that she claimed was one faint and to procured by the defendant Could I go back to question? I asked you earlier and that is The standard of review for these kinds of problems I would think at least initially That the district judge is in the best position to evaluate the witness the witnesses testimony the witnesses claim of forgetfulness as well as the effectiveness of whatever cross-examination occurred Sure the district court below However did state that he was not sure what the rule was here and did not know whether this court had definitively stated Whether a witness lapse of memory or amnesia precluded cross-examination So in making its ruling the court acknowledged that it was not certain about whether what it was doing was the correct thing to do Or not. Well, that's often the case in district courts but in this court, we're not certain but we have to make decisions and Judge Tharp was in the in the best position. Why should we not? defer to him Because he misapplied the rule He misunderstood this courts requirement that the witness defend or explain the substance of their prior statement Just because the witness getting back to judge st. Eve's question answered questions about collateral matters That's not sufficient for cross-examination For example, if a witness if Fulton if miss Fulton would have rather pled the fifth she still could have answered questions collateral to the substance of the of the questions So the Fifth Amendment doesn't entirely preclude a witness from testifying at all It protects them from answering questions that might incriminate them. It still allows them to answer Collateral questions such as when their birthday was whether she had been convicted of theft before those questions Don't get to the root or really require her to defend or explain that prior statement Which is what the confrontation clause requires here That was true in Keeter. I Mean another in other words account a different version of facts was present in Keeter and we relied upon Owens and rejected the claim The difference is that in Keeter the witness says lapse of memory was not complete as it is here And there's a difference as this court and other courts have acknowledged between a witness who has partial memory loss and a witness who? Has complete memory loss for example in Owens the witness clearly remembered making the prior Identifying statement unlike here. He also clearly remembered the events underlying the statement He remembered the feeling of the defendant attacking him to blow to the back of his head as well as seeing the blood from his Mouth hit the floor He also testified in court that day about his current belief as to the ID of the witness As well as in Delaware's verse Fernster where the Supreme Court held that just because the witness could not remember the basis for that belief Does that mean they're subject to cross-examination? Those are much different from the case here where the witness does not remember the basis does not remember the statement or the underlying events It's complete not partial memory loss miss Benton in your opening brief This is a different aspect of the confrontation clause in your opening brief You talk about this being structural error, and you seem to back off that in your reply brief Is that a is that a fair reading that is a fair reading your honor? So you agree that a confrontation clause error subject to harmless error review. Yes, your honor. We do not dispute that However In this case, it's hard to say that this is harmless error when for a few reasons first The first trial ended in a hung jury showing that the evidence was not Overwhelming to convict in that case at least the second trial was on essentially the same facts Additionally, miss Fulton was the primary alternate suspect for possession of the gun She's the only other individual who drove the car on the night in question She as well as the other individuals were with an arm's reach of the firearm and she sat in the front seat closest to the firearm Additionally, she's the only witness who testified that the officer recovered the firearm from the car And the government flew her out to the second trial with full awareness that she would claim lack of memory Simply because they wanted her grand jury testimony admitted It's hard to say on those facts that it's not harmless error or that her testimony alone Didn't push the jury over the edge from to beyond a reasonable doubt Additionally we would like to draw this courts attention to the fact that a witness who claims lack of memory is really just claiming the Fifth without pleading the fifth. They are essentially Avoiding the negative implications of being held in contempt of court by refusing to answer or pleading the fifth Which definitely comes with negative implications Here when viewing this from the perspective of the accused the response is the same The accused is unable to probe the witnesses prior statements for any infirmities or drawing out any Inconsistencies or the truth and it's from the accused perspective that this matters. It's the Sixth Amendment Accused right not the witnesses, right? I understand your point I think and at least in my experience as a trial judge I thought the most common lie I heard in the court was I don't remember but we have Supreme Court case law that distinguishes pretty clearly between memory lapses and Claimed memory lapses on the one hand and privilege claims on the other So what do we do with that if you're discussing Owens? I think that case is distinguishable here factually I don't think our rule would be I don't think Owens would be decided differently under our rule It's a factual basis that removes this case from the provision of Owens and when someone asserts the Fifth Amendment They don't generally don't testify at all They'll assert the fifth and and that's it and will refuse to answer all questions. That's not what she did here. She answered As I said before a lot of other questions just nothing about the statement itself. So I I don't think the analogy is on all fours That's correct your honor that sometimes a witness can plead the fifth and then not take the scan but sometimes a witness will be on the stand and get to a point of questioning that they feel would incriminate them and at that point they can use a very Very very unusual that that in practice that really doesn't happen when somebody asserts a fifth they typically Won't testify at all Yes, your honor. However, if they were already testifying they would not totally preclude them from testifying about collateral matters So the Fifth Amendment protects them from talking about the substance of their prior statement but the Fifth Amendment would not protect them from answering questions about their birthday where they grew up any Collateral matters that don't get to the root of the underlying statement And that's where I think this is essentially the same and viewed from the perspective of the accused the impact is the same They don't get an answer to their questions in order to test the accuracy of that prior statement Additionally a witness might be incentivized to claim lack of memory instead of invoking the Fifth Amendment because of the negative implications that come with that or a witness may be inclined to say I don't remember instead of I refuse to answer to be to avoid being held in contempt of Court and both of those Deprive the accused of the opportunity to cross-examine that declarant Additionally The Illinois Supreme Court in a near-identical case and people versus read held that the Accused confrontation clause rights were violated based on near-identical facts first there It was a complete memory loss as well as the wit declarant had no recollection of making the grand jury statement There the declarant also presented no live testimony in court on either direct or cross-examination About that activities before during or after their encounter with the police and in that case The witness also did not answer questions about their current belief as to the substance of their underlying events And I'm near and this Illinois Supreme Court on those facts near identical here held. It was a confrontation clause violation If there are no further questions, I'd like to reserve the remainder of my time for a puddle, that's fine. Thank you very much miss Benton Miss Kastanek for the government Good morning and may it please the court Annie Kastanek on behalf of the United States the district court properly prescribes Permitted the government to introduce the grand jury testimony of miss Fulton After she testified that she did not remember the encounter in question or the contents of what her grand jury testimony was Both the confrontation clause as well as the rules of evidence permit the substantive use of prior under oath testimony including grand jury testimony in this matter without violating the Constitution as the court held in Owens there is a distinction between a witness who has memory loss as to the contents of her testimony and the Invocation of privilege the confrontation clause is satisfied by the opportunity to look an accuser in the eyes To ask them questions to have them willfully respond to those questions It does not guarantee particular answers to those questions the content of substance of that testimony But rather the opportunity to pose and have those questions answered and that's exactly what the discussion It doesn't matter in Owens that there the witness was still able to testify about some of the substantive facts including the prior Identification even though the witness couldn't remember the grand jury testimony. No, your honor I don't think that that matters in numerous cases since Owens and indeed post Crawford This court has confronted facts where the individual is not able to remember the substance of the testimony at all is not able to recall the prior statement so for example in Cooper the the memory loss was more complete in Thomas, which is a 2015 decision post Owens post Crawford the witness had no memory of the prior statement and this court held that the district courts Refusal to admit that statement was in fact error under these rules I you know at most the inability to recall the statement You know that complete memory lost at most would go to an authentication issue the foundation for introducing it But here, of course the defense never never contested whether this was her statement. And in fact, she testified very Clearly that she was asked is this a transcript of your testimony before the grand jury on May 11th 2017? Yes, it is. Then. She was asked if she remembered remembered the substance of it She said I remember I've read it before but I don't remember what was stated That's sufficient to authenticate that testimony and to allow the government to then use it notwithstanding her substantive memory loss So under your under your point of view miss Castanek, how? How much worse could it have gotten? What would it have taken to make this not admissible I Don't think that there's anything under these this like kind of genre of facts in terms of memory The witness is physically brought in and simply refuses to acknowledge questions or respond to them at all silence so if a witness is completely silent akin to Privilege where they just refuse to answer questions Then there there may be a confrontation clause violation, I mean it would be you know in the same way that if witness Just refuses to take the stand invoking privilege, right? But where they are on the stand and they say I don't remember this I don't remember the prior Testimony, I don't remember the substance of these events I think Owens governs this and this court's precedents make clear that that memory loss is in fact sometimes beneficial to the defendant like it's the opportunity to expose the bias the lack of memory the lack of You know credibility in the statements that that witness is making which is what occurred here And so Owens would I think in basically any situation where there's memory loss and they're answering questions on the stand Owens would permit that to occur and nothing about Crawford changes that analysis Crawford says that the testimonial, you know testimonial hearsay You know triggers a confrontation clause, right? But Crawford doesn't even cite Owens there's nothing in it that actually opines on the substance of what that confrontation consists of and This court's precedents post Crawford make clear that Owens is still good law in that regard In any event read it I mean it'd be very odd given what they say about California versus green in footnote 9 to think that they They've silently overruled Owens especially given that the same justice authored both opinions, right? I agree your honor. I think that that's very true Crawford and footnote 9 makes very clear that if the witness is appearing in front of the court and Is subject to cross-examination looking the accuser in in the eye as this court has said in various post Crawford cases But that satisfies the confrontation clause clause, right? You know, there's nothing unfair about what occurred here as as the questions to my colleague Reflected there was extensive cross-examination And in fact that cross-examination allowed the defense to argue in closing this it was miss Fulton's gun you know look she doesn't remember this and She is very clearly feigning this because she's the person responsible that permitted the defense to make that argument in this case And in any event as the defense has noted or the defense has acknowledged. This is subject to harmless error analysis it's not structural error and given the First-time jury, it's pretty hard to say. This is harmless, isn't it? Well, so this this course of events happened with respect to both juries So I don't think that there's a distinction to be drawn as to the hung jury as to this grand jury testimony I think that this court's precedents look at whether it's cumulative the strengths of the government's other evidence and here So miss Fulton testified that she had a valid FOIA card and that makes it very clear that she had no Incentive to be lying about there's no incentive to hide that gun when the police approached or she testified to that in the second trial that she had a valid FOIA Or was that in the first? I would have to double-check the transcripts on that your honor I I do not I guess I don't recall whether it was the first or the second But if your honor would like we can submit something. That's fine post post argument But the fact of the matter remains that the defendant is the only person who is making those furtive movements attempting to hide the gun The defendant is the only person who upon the approach of the police is the one that ran The defendant is the only one who made these phone calls after being taken into custody In which he offered to pay witnesses and made clear like his defense were like pieces on a chessboard Should I say I wasn't there should I say it was there but I'm gonna you know That but that it wasn't my gun, you know, and all of those things allow the jury even without respect to me I know you've got plenty of You've got sufficient evidence to prove guilt, I'm just very skeptical about the harmless error claim Well, so the only part of miss Fulton's testimony that wasn't cumulative because she testified about the events of the night That also was replicated in the testimony of the other two individuals who were present The part of the testimony that arguably is not cumulative is her saying it's not my gun, right? And so, you know then you look to the government's other evidence in question proving it's the defendants gun and the fact that he's the only person who's Trying to hide the gun. The only person who's fleeing the only person who's making these phone calls all Proves that it's him even if Fulton were to not have testified at all Even if there were had had not been any testimony from her in the first place The government would have still been able to prove its case If there are no further questions from the panel, the government would ask that this court affirm the district court's judgment I do have a couple of other questions on other topics and covered by the briefs Does the government now agree that the stop was not consensual? Yes, your honor I think that the district court, you know made a factual finding with regards to the when the Terry stop occurred Which you know this as I understand from the transcripts The defendant was parked at a T of an alley in parking spots The police came behind him and blocked him in and so at that point The testimony at the suppression hearing was that the defendant and the occupants of the car weren't free to leave They weren't free to walk away. So that Terry stop was initiated at the time that Had been contested by the government in the district court, but okay and Can you straighten this out on? Whether you think the officers testified that they smelled the marijuana before or after that stop Yes, I think what the testimony was at the suppression hearing was that they smelled the marijuana Windows down they were patrolling the alley. They smelled it generally they then stopped behind the vehicle and Officer Streeper, I believe his name was testified that the odor became very clear at that point So it made clear to him. It was very intense in that spot. It wasn't just a general Odor in the area coming perhaps from the party, but that it made very clear to him at that point It was from the vehicle Thank you and on the sentencing issue that's been raised in the briefs about Aggravated assault and which branch of battery was the basis here Set us just put aside the Vesey precedent for a moment What do you think is the best indication that the battery element of aggravated assault is divisible? Between In addition to this court having held it we set it in Vesey. They're asking us to reconsider So yeah, we don't do that lightly, but I just make the argument if you would please Well, so first of all, it's set out in separate subsections So it's enumerated which that Mathis holds is a consideration one versus two. That's a consideration They're proven by different, you know types of evidence So they serve as you know elements with regards to being different types of crimes Inoffensive touching is one type of crime bodily harm is another type of crime Those are the things that this court considered in Vesey to hold that those two prongs Should be considered separately and I believe that this court before Vesey perhaps not in the aggravated assault context But just in considering the battery statute has held that these two prongs are It has we don't but we also I mean we also have been struggling with Mathis came as something of a surprise to to many of us with if I'm remembering the Iowa burglary statute correctly Different subsections and different language can still be just different means rather than different elements Is there any guidance for example from Illinois's pattern jury instructions Would it would it could a jury convict someone of battery If half the jury thought The person had engaged and had inflicted personal injury and the other half thought it was just offensive touching of a police officer Hmm, I don't know. I don't know about the Illinois pattern instructions. That's a good question I'm happy to look into that So But I don't you know, if if they're elements which the government's position is that they are then no the jury wouldn't be able to Split half-and-half. They would have to be unanimous as to those aspects So, you know, I but I do think that the enumeration of them is significant and has been significant to this board in terms of you know Different types of offenses. Okay. Thank you. I don't know if anybody else has other questions, but thank you. Thank you Let's see, Miss Benton rebuttal Thank you, I just like to make a couple clarification points on the government's argument related to confrontation before you do that Miss Benton given that time is limited To pick up on judge Hamilton's last questions in your briefing It seemed to me that you were taking two different positions on whether or not the Illinois statute was divisible You seem to argue in your opening brief that it is divisible. But in your reply brief that it's not And maybe I misread it. But what's your position as you stand here today, please? Yes, your honor So we submit that the entire statute 720 ILCS 512 2 is a divisible statute What is not divisible is the specific provision? Mr. Schaffer's was convicted number, which is subsection a 6 So the court properly used Shepherd documents to determine which provision of this statute. Mr. Schaffer's was convicted under but once they get to subsection a 6 at that point they Based on the Illinois courts interpretation of their statute those Established an indivisible set of elements and at that point the court compares that to the key element of assault the court compares that to a crime of violence the generic definition which requires the use attempted use or threatened use of force and there because Battery can be committed in a non-harmful way Offensively the element of assault is not automatically it's broader than the generic crime of violence under the guidelines Have we ever done that kind of analysis where we conduct a divisibility analysis within a divisibility analysis. I See my time is up. Can I answer that please? Go ahead. Thank you, Your Honor Your honor. I do not believe that the court has ever done a double indivisibility Analysis as the government asks the court to do in this case once you get to it Oh, no, I thought that's what you were saying, right that the statute as a whole is divisible, but then subsection 6 is not That's correct. Your honor the divisibility analysis happens to determine which provision of the statute. Mr Schaffer's was convicted under and at that point the court just applies the categorical approach. They don't apply the modified categorical Categorical approach twice So, do you think let me ask you the same question, do you think Illinois would allow a jury to split 6-6 Which kind of battery was committed to support an aggravated assault conviction? Yes, your honor We do because based on so the element at issue here is a soul and a soul is defined as Putting a person in a reasonable apprehension of receiving a battery battery can be committed either harmfully or offensively So if mr. Schaffer showed up at trial and said I didn't for example swing at an officer I spit at him spitting at him would be offensive battery putting a person in reasonable apprehension Receiving an offensive battery at that point his defense attorney would say it does not matter either way You can be convicted under this statute because assault can be committed either harmfully or offensively under this Illinois's provision And that's why similarly a court a jury could have told six could have said that he spit at the Officer six could have held he swung at him and either way that would be a salt under Illinois's law You think that would be acceptable? Okay, thank you All right. Thank you very much miss Benton our thanks to both counsel miss Benton we thank you and your firm for the services you provided to the court of your client and